STOWERS, Chief Justice, concurring.
 

 I agree with the court's opinion. I write separately to comment on Senior Justice Matthews's proposed approach to determining whether an out-of-state sexual offense law is "similar" to an Alaska sexual offense
 law such that registration would be required in Alaska under the Alaska Sex Offender Registration Act.
 

 As explained in the court's main opinion, AS 12.63.100(6)(C) defines "sex offense" as "a crime, or an attempt, solicitation, or conspiracy to commit a crime, under [one of the listed sex offense statutes] or
 
 a similar law of another jurisdiction
 
 ." (Emphasis added.) Today's opinion applies a strict categorical approach in comparing the elements of Alaska's relevant sex offense statute with the elements of the out-of-state sex offense statute under which the person was convicted to determine whether the two laws are similar. The court does so because "it is the
 
 law
 
 that must be similar" and therefore "we compare the elements of the statute of conviction to the elements of the allegedly similar Alaska statute."
 
 [1]
 

 Senior Justice Matthews argues that the court's approach is too narrow. He suggests the analytical approach should begin with this categorical statutory comparison, but if the comparison does not yield a conclusion that the two statutory offenses are similar, then a second-stage analysis should ensue: the court should consider the factual conduct underpinning the out-of-state conviction to determine whether that conduct would have constituted a sexual offense under Alaska law.
 
 [2]
 
 To determine these facts, the court could permissibly consider the complaint or indictment, jury instructions, court findings of fact in a judge-tried case, and plea and sentencing transcripts.
 
 [3]
 
 Senior Justice Matthews argues that this law-plus-conduct approach better promotes the legislature's intent in enacting ASORA and that the court's strict categorical approach "thwart[s] the legislature's intent because it would prevent [our] law from reaching some of the offenses identified by the [legislature] only because of idiosyncracies in the criminal codes of foreign jurisdictions."
 
 [4]
 

 As a purely theoretical matter, I agree with Senior Justice Matthews. The law-plus-conduct approach suggested by Senior Justice Matthews - like that employed by the New Mexico Supreme Court in
 
 State v. Hall
 

 [5]
 

 - would
 
 result in more out-of-state convicted sex offenders being required to register with the Alaska sex offender registry and likely would better accomplish the policy goals the legislature envisioned when it enacted ASORA. The problem is that the legislature used specific language when it crafted the statute requiring similarity: the legislature defined "sex offense" as "a crime, or an attempt, solicitation, or conspiracy to commit a crime, under [one of the listed sex offense statutes] or
 
 a similar law of another jurisdiction
 
 ."
 
 [6]
 
 Had the legislature wanted to ensure that the conduct underlying the out-of-state conviction should also be considered, it could have said so.
 

 For example, if the legislature wanted to craft an even more broad-sweeping sex offender registry statute, it could take the approach suggested by the New Mexico Supreme Court in
 
 Hall
 
 . The court in
 
 Hall
 
 adopted an approach like that advocated by Senior Justice Matthews, permitting New Mexico trial courts to consider the charging documents, the plea agreement, and the transcript of the plea hearing to determine the actual conduct that supported a defendant's sex offense conviction from another state.
 
 [7]
 
 But even under this approach, the New Mexico Supreme Court warned:
 

 We realize that in some cases, such as a guilty plea in which there was no allocution, there will be no factual findings for a New Mexico court to review. In that instance, the court will be limited to comparing the elements of the foreign sex offense to those of the enumerated offenses under
 [the New Mexico sex offender registration act]. In some cases, this will mean that out-of-state sex offenders will not have to register in New Mexico, even for serious offenses.
 

 If the Legislature is disturbed by this possibility, it is free to amend SORNA once again. Several states have passed laws requiring out-of-state sex offenders to register for any offense that was registrable in the state of conviction.
 

 See, e.g.,
 

 Ind. Code Ann. § 11-8-8-5
 
 (b)(1) (West 2012) (The term "sex or violent offender" includes "a person who is required to register as a sex or violent offender in any jurisdiction.");
 
 Mont. Code Ann. § 46-23-502
 
 (9)(b) (2007) (A "sexual offense" includes "any violation of a law of another state, a tribal government, or the federal government that is reasonably equivalent to a violation listed in subsection (9)(a)
 
 or
 
 for which the offender was required to register as a sexual offender after an adjudication or conviction." (Emphasis added) ).
 
 [
 

 8
 

 ]
 

 Alaska's statute contains no comparable language requiring out-of-state sex offenders to register in Alaska for any offense for which they were required to register as a sex offender in the state of conviction, nor does Alaska's statute permit the court to consider the factual conduct giving rise to the out-of-state sex offense conviction.
 

 Senior Justice Matthews's approach is, in my opinion, a rational approach and one that the Alaska Legislature may well wish to consider going forward. Or the legislature may wish to consider a more inclusive approach like that taken in Montana or Indiana. But whatever approach is taken is a policy decision, and policy decisions of this kind are decisions the legislature, not this court, should make. The strict categorical approach applied by this court in this case is faithful to the language of the current statute, and I therefore agree with the court's opinion.
 

 Op. at 123.
 

 While the Department determined Doe II's conviction was similar to attempted sexual abuse, I consider only the substantive elements set out in AS 11.41.436(a)(2) and not those in the attempt statute in making the comparison.
 

 People v. Carskaddon
 
 ,
 
 49 Cal.2d 423
 
 ,
 
 318 P.2d 4
 
 , 5 (1957) (en banc).
 

 AS 11.41.436(a)(2), AS 11.81.900(a)(59).
 

 AS 12.63.010, .100(5) -(6) ;
 
 Cal. Penal Code § 290
 
 (c) (West 2014 & Supp. 2018).
 

 Cal. Penal Code § 647.6
 
 (a)(1).
 

 AS 11.41.436(a)(2).